■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY WEBB, Appellant. [865 NYS2d 63]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 15, 2006, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The court's original instruction on causation conveyed to the jury the appropriate rules to apply (*see People v Drake*, 7 NY3d 28 [2006]). The instructions were in accordance with the principles set forth in *People v Griffin* (80 NY2d 723, 726-727

[1993], *cert denied* 510 US 821 [1993]) concerning the relationship between intervening medical malpractice and criminal liability. The court did not place any undue restrictions on the concept of an intervening act that could break the chain of causation. In the main, the court's supplemental instruction also correctly stated the law. Certain language of that instruction, however, in which the court cited examples in which intervening medical occurrences would break the causal chain, could be construed as defining a definitive rather than an illustrative set of examples. Even assuming the supplemental instruction was to that extent erroneous, any error in this respect was harmless in light of the overwhelming evidence that the victim's death could not be attributed solely to allegedly negligent medical treatment (*see People v Smalls,* 55 NY2d 407, 417 [1982]; *cf. People v Griffin,* 80 NY2d at 728 [any error in excluding testimony of defense witness on cause of death did not prejudice defendant]).

Defendant's contention that in the absence of any attack on the credibility of the accomplice, Romero, the "truth-telling" provisions of the cooperation agreement between Romero and the prosecution were improperly referred to by the prosecutor in his opening statement and improperly elicited on direct examination of Romero, is not preserved for review as defendant did not object that the "truth-telling" provisions were improperly referred to and elicited (*see* CPL 470.05 [2]). Nor are defendant's challenges to the prosecutor's summation preserved for review (*see People v Collins,* 12 AD3d 33, 36 [2004]). We decline to review either of those claims in the interest of justice. As an alternative holding, we also reject them on the merits. With respect to the first of these claims, we note that defense counsel made clear during jury selection that the defense was attacking the credibility of the accomplice. Concur—Saxe, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.